# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Shane P. Garry, | Case No. 18-cv-3447 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy Johnston,<br>*CEO/Director, Minnesota Sex Offender Program (MSOP)*, | |
| Emily Johnson Piper,<br>*Commissioner of Human Services*, and | |
| Lori Swanson,<br>*The Attorney General of the State of Minnesota*, | |
| Defendants. | |

Shane P. Garry, Minnesota Sex Offender Program (MSOP), 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

Ralph John Detrick, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128 (for Defendants).

This matter is before the Court on pro se Plaintiff Shane P. Garry's "Motion for a Stay of These Proceedings Until an Outcome of *Karsjens v. Piper*, 845 F.3d 394, 08 [sic] (8[th] Cir. 2017) Has Been Decided" (ECF No. 14) and letter request for an extension of time (ECF No. 25).

1

# I.

### A. Motion to Stay

Plaintiff requests that this matter be stayed pending the resolution of an appeal filed in *Karsjens v. Piper*, No. 11-cv-3659 (DWF/TNL). Plaintiff states that "[a]t the core of the *Karsjens v. Piper*[] recent Appeal above is the Plaintiff[']s argument," and "until the above appeal has been heard and decided by the 8[th] Circuit Court of Appeals [i]n *Karsjens v. Piper*, it would be detrimental for the present matter to move forward." (Mot. to Stay at 1.) Defendants oppose the requested stay. (*See generally* Defs.' Mem. in Opp'n, ECF No. 21.)

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (per curiam). "While the Court's inherent power to manage its docket places this decision within the Court's broad discretion, '[t]he proponent of the stay bears the burden of establishing its need.'" *KK Motors, Inc. v. Brunswick Corp.*, No. 98-cv-2307 (JRT/RLE), 1999 WL 246808, at *2 (D. Minn. Feb. 23, 1999) (alteration in original) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)); *accord Stratasys, Inc. v. Microboards Tech., LLC*, No. 13-cv-3228 (DWF/TNL), 2015 WL 1608344, at *1 (D. Minn. Apr. 10, 2015) ("The burden of establishing that a stay is appropriate is with the party seeking the stay."). Stays are the exception rather than the rule. *KK Motors*, 1999 WL 246808, at *2;

*see In re Wholesale Grocery Prods. Antitrust Litig.*, No. 09-md-2090 (ADM/AJB), 2013 WL 6533154, at *1 (D. Minn. Dec. 13, 2013) (noting "the Supreme Court has counseled moderation" in the use of stays).

It is not clear to this Court the precise basis on which Plaintiff requests that this matter be stayed. While Plaintiff cites the Eighth Circuit Court of Appeals' decision in *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017), rehearing and rehearing en banc were denied by the Eighth Circuit on February 22, 2017, and the United States Supreme Court denied the petition for a writ of certiorari on October 2, 2017, 138 S. Ct. 106 (2017). Plaintiff also states that, "[o]n or about December 20, 2018 . . . ," an appeal was filed with the Eighth Circuit "from the United States District Court for the District of Minnesota." (Mot. to Stay at 1.) As best as this Court is able to tell, Plaintiff may actually be referring to a pending appeal filed near the end of October 2018 from the district court's decision in *Karsjens v. Piper*, 336 F. Supp. 3d 974 (D. Minn. Aug. 23, 2018), *appeal filed*, No. 18-cv-3343 (8th Cir.).[1] (*See* ECF No. 1118 in No. 11-cv-3659.) Plaintiff has not, however, connected any of the issues in his case to the pending appeal in the *Karsjens* matter. Plaintiff has not met his burden to show that a stay is appropriate in this case. Therefore, Plaintiff's motion to stay is denied.

**B. Extension Request**

Previously, Plaintiff was referred to the Pro Se Project, a program operated by the Minnesota Chapter of the Federal Bar Association through which volunteer individuals

---

[1] The December 20, 2018 date may be in reference to the Fifth Amended Order entered by the district court in *Karsjens* on that date, continuing the stay of certain other litigation related to *Karsjens*. (ECF No. 1130 in No. 11-cv-3659.)

3

donate their time to assist unrepresented individuals. Plaintiff seeks an extension of time to file his response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16) in order to confer with counsel as part of that program. A little over one week later, Plaintiff filed his memorandum in opposition to Defendants' motion, noting that (1) he has requested an extension of time; (2) he has not "yet been able to confer with legal counsel"; and (3) the filing of his memorandum is "not a withdrawal" of his extension request. (Pl.'s Mem. in Opp'n at 1, ECF No. 27.) Defendants subsequently filed their reply memorandum. (*See generally* Defs.' Reply, ECF No. 28).

**The Court will grant Plaintiff's request in part and give him until May 13, 2019, to file a supplemental memorandum. Defendants may then have until May 28, 2019, to file a supplemental reply.** Thereafter, Defendants' motion to dismiss will be deemed submitted and the Court will issue its report and recommendation based on the papers, without a hearing.

## II.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion for a Stay of These Proceedings Until an Outcome of *Karsjens v. Piper*, 845 F.3d 394, 08 [sic] (8[th] Cir. 2017) Has Been Decided" (ECF No. 14) is **DENIED**.

2. Plaintiff's letter request for an extension of time (ECF No. 25) is **GRANTED IN PART** and **DENIED IN PART**.

3. Plaintiff has until **May 13, 2019**, to file a supplemental memorandum in response to Defendants' motion to dismiss.

4. Defendants have until **May 28, 2019**, to file a supplemental reply in connection with their motion to dismiss.

4

5. Defendants' motion to dismiss will then be deemed submitted and the Court will issue its report and recommendation based on the papers, without a hearing.

Date: April 18 , 2019 *s/ Tony N. Leung*
 Tony N. Leung
 United States Magistrate Judge
 District of Minnesota


 *Garry v. Johnston et al.*
 Case No. 18-cv-3447 (WMW/TNL)